25-1856-cv
*Maltese v. Grizopoulos*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty-six.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> > *Circuit Judges*.

_____

MARYANN MALTESE,

> *Plaintiff-Appellant*,

v.                                                                        25-1856

GREGORGY GRIZOPOULOS, ESQ., HUNTINGTON GOP, SUFFOLK COUNTY C/O OF JESSE GARCIA, EDMUND J. SMYTH, SUPERVISOR,

> *Defendants-Appellees*.*

_____

For Plaintiff-Appellant:                    MaryAnn Maltese, pro se, East Northport, NY.

---

\* The Clerk of Court is respectfully directed to amend the caption.

For Defendants-Appellees:                                      No appearance.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kovner, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant MaryAnn Maltese appeals *pro se* from the district court's *sua sponte* dismissal of her complaint for lack of subject-matter jurisdiction. She sued Gregorgy Grizopoulos Esq., the "Huntington GOP Suffolk County," and Edmund Smyth, Supervisor, alleging a Section 1983 claim based on breaches of a retainer agreement by Grizopoulos and violations of the New York Rules of Professional Conduct through a failure to disclose certain information while the defendants were involved in an election. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

* * *

We review *de novo* the *sua sponte* dismissal of a complaint for lack of subject-matter jurisdiction. *See Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 190 (2d Cir. 2001) (per curiam). Because Maltese "has been *pro se* throughout, [her] pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

As an initial matter, Maltese has abandoned any argument as to subject-matter jurisdiction on appeal. Although we liberally construe *pro se* filings, *see id.*, "pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," and "a pro se litigant abandons an issue by failing to address it in the appellate brief," *Green v. Dep't of Educ. of City of N.Y.*, 16

F.4th 1070, 1074 (2d Cir. 2021) (per curiam) (citation modified). Maltese's brief does not address the district court's reasoning that the court lacked subject-matter jurisdiction over her claims, and she has thus abandoned this dispositive issue.

Even assuming, *arguendo*, that Maltese did not abandon the issue, the district court properly concluded that Maltese failed to establish subject-matter jurisdiction. Her complaint neither invokes federal question jurisdiction under 28 U.S.C. § 1331 nor diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

First, to raise a federal question under Section 1331, Maltese was required to "plead[] a colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citation modified). Here, although Maltese brings a Section 1983 claim, "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). Maltese's complaint makes no reference to the federal right she is vindicating. Nor can we glean one by liberally construing her pleadings. As the district court held, "[Maltese's] claims about the defendant's violation of a retainer agreement sound in state law," App'x at 8, and therefore, fail to raise a colorable claim that arises under federal law.

Second, Maltese cannot invoke diversity of citizenship jurisdiction under Section 1332 because her suit lacks "complete diversity," meaning that "all plaintiffs must be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 118 (2d Cir. 2014) (citation modified). "The party asserting jurisdiction bears the burden of proof." *Id.* Maltese's complaint lists New York addresses for herself and all defendants without pleading any additional facts suggesting that citizenship might be diverse.

Lastly, Maltese has filed a number of frivolous appeals in the past three years, including *Maltese v. NYS Legislature*, 2d Cir. 23-7826, *Maltese v. Brown*, 2d Cir. 24-2393, *Maltese v. Delta Airlines Corporation*, 2d Cir. 24-2531, *Maltese v. Township of Huntington*, 2d Cir. 25-2100, and *Maltese v. Teachers Federal Credit Union*, 2d Cir. 25-755. Accordingly, Maltese is hereby warned that the continued filing of duplicative, vexatious, or clearly meritless appeals could result in the imposition of a sanction that would require her to obtain permission from this Court before filing any further submissions in this Court (a "leave-to-file" sanction). *See In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993).

\* \* \*

We have considered all Maltese's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4